UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

In Re Timothy-Leon Morris,

        Petitioner,

v.

Carol Holinka,

        Respondent.

MEMORANDUM OPINION
AND ORDER
Civil No. 06-2255 ADM/JSM

_____

Timothy-Leon Morris, *pro se*.

Tracy L. Perzel, Esq., Assistant United States Attorney, Minneapolis, MN, for and on behalf of Respondent Carol Holinka.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Timothy Leon Morris's ("Petitioner") Objections [Docket No. 4] to the June 7, 2006 Report and Recommendation ("R&R") of Magistrate Judge Janie S. Mayeron [Docket No. 2]. The R&R recommends dismissal of Petitioner's Petition for a Writ of Habeas Corpus ("Petition") [Docket No. 1] pursuant to 28 U.S.C. § 2241. In his Objections, Petitioner argues that reclassification of his Petition as a 28 U.S.C. § 2255 motion provides an ineffective or inadequate remedy. The R&R is adopted.

## II. BACKGROUND

In July 1997, a jury in the United States District Court in South Dakota found Petitioner guilty of violating federal drug statutes. The Court sentenced Petitioner to 240 months in federal prison. On his direct appeal, the Eighth Circuit Court of Appeals upheld Petitioner's conviction

1

and sentence. United States v. Morris, No. 97-3931, 1998 WL 327297 (8th Cir. June 5, 1998) (unpublished opinion), cert. denied, 525 U.S. 1164 (1999).  Petitioner again challenged his conviction and sentence by filing a motion in the trial court under 28 U.S.C. § 2255, but this motion was denied because it was time-barred.  The Eighth Circuit Court of Appeals later refused to grant him a Certificate of Appealability.  Petition at 10.

Petitioner now challenges his 1997 criminal conviction and sentence in his present application for habeas corpus relief under 28 U.S.C. § 2241.  However, Petitioner's current collateral challenge to his 1997 conviction and sentence cannot be brought in a habeas corpus petition and must be dismissed.

### III. DISCUSSION

The R&R found that Petitioner's application for habeas corpus relief challenged the validity of his 1997 criminal conviction and therefore could only be raised in a 28 U.S.C. § 2255 motion, unless the remedy provided by that statute was "inadequate or ineffective."  The R&R found that § 2255 relief was time-barred, and it found that Petitioner had not demonstrated that § 2255 relief was "inadequate or ineffective."  Therefore, the R&R concluded that Petitioner's § 2241 petition must be dismissed for lack of jurisdiction.

Petitioner, in his Objections, argues that § 2255 was inadequate and ineffective because he never had a practical opportunity to use his § 2255 motion; that "circumstance withheld relief." Objections at 4.  Petitioner also argues that a claim of innocence confers jurisdiction over § 2241 claims.  Objections at 6.

In reviewing an R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is

made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.

A federal prisoner who seeks to challenge a sentence or conviction "generally must do so in the sentencing court through § 2255 and cannot use § 2241 to challenge the conviction without first showing that § 2255 would be inadequate or ineffective."  Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 125 S.Ct. 2984 (2005).

No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241, unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "is inadequate or ineffective to test the legality of . . . [his] detention."  28 U.S.C. § 2255, quoted in DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curium).  The "inadequate or ineffective remedy" exception is often called the "savings clause," Abdullah, 392 F.3d at 959, because it can save a § 2241 petition from being dismissed under the § 2255 exclusive remedy rule.

Here, Petitioner is challenging the validity of his federal criminal conviction and sentence.  Therefore, the present Petition is barred by the § 2255 exclusive remedy rule, unless the savings clause applies.  In some cases, a § 2241 petition that is barred by the exclusive remedy rule can be construed to be a motion under § 2255.  The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits.  Here, however, Petitioner is precluded from seeking relief under § 2255, because he has previously sought § 2255 relief.  A new request for § 2255 relief would be deemed to be a "second or successive" § 2255 motion.  The Anti-terrorism and Effective Death Penalty Act ("AEDPA"), requires a successive § 2255 motion to have prior approval of the Circuit Court of Appeals where

Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255 (final paragraph). Because Petitioner has not obtained a pre-authorization order from the Eighth Circuit Court of Appeals, the sentencing court cannot entertain a new § 2255 motion at this time.

Furthermore, any § 2255 motion that Petitioner might attempt to bring before the trial court at this time would be time-barred under the one-year statute of limitations applicable to § 2255 motions. 28 U.S.C. § 2255. For this additional reason, it is inappropriate to construe the present petition to be a § 2255 motion, and then transfer it to the trial court.

Petitioner argues he elected to seek relief under § 2241 based on his belief that the remedy provided by § 2255 was not "adequate or effective to test the legality of [his] detention," because he never had an "unobstructed" opportunity to raise his claim. Objections at 5.

The rule against successive § 2255 motions, and the one-year statute of limitations, would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas petition. Rather, "§ 2255 is not inadequate or ineffective," thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas corpus petition, "where a petitioner had any opportunity to present his claim beforehand." Abdullah, 392 F.3d at 963. Therefore, the Court finds that Petitioner is not eligible for the § 2255 savings clause, because he had a reasonable opportunity to present his claims for relief in both his direct appeal and in a timely § 2255 motion. See Id. at 963 ("Abdullah's failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction.").

Petitioner has attempted to overcome the § 2255 exclusive remedy rule by arguing that he

is "actually innocent," and that now he has evidence "disprov[ing] his conviction." Objections at 7. However, an actual innocence argument is foreclosed by <u>Abdullah</u>, where the Eighth Circuit explicitly held that an actual innocence argument can be raised in a § 2241 habeas petition only if the petitioner never had a prior opportunity to raise the argument. "§ 2255 was not inadequate or ineffective to raise Abdullah's claim because . . . regardless of his ability to demonstrate actual innocence, Abdullah did have an unobstructed opportunity to raise his claim." 392 F.3d at 960.

Here, as in <u>Abdullah</u>, Petitioner had an opportunity to present the "actual innocence" argument on direct appeal and in a timely § 2255 motion. As Petitioner has had a procedural opportunity to raise his actual innocence claims, he is barred from bringing those claims in a § 2241 habeas corpus petition. The action therefore must be dismissed for lack of jurisdiction. <u>Id.</u> at 944 ("Because Abdullah did not show that § 2255 was inadequate or ineffective, the district court correctly concluded that it had no jurisdiction to consider his claim in a § 2241 petition.").

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The R&R [Docket No. 2] is **ADOPTED**;

2. Petitioner's Objections [Docket No. 4] are **OVERRULED**;

3. Petitioner's Petition for Writ of Habeas Corpus is **DISMISSED** for lack of jurisdiction**.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


  s/Ann D. Montgomery  
ANN D. MONTGOMERY  
U.S. DISTRICT JUDGE

Dated:  August 10, 2006.