## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Timothy-Leon Morris,

              Petitioner,

      v.

Carol Holinka,

              Respondent.

**MEMORANDUM OPINION
AND ORDER**
Criminal No. 06-2255 ADM/JSM

---

Timothy-Leon Morris, *pro se*.

Tracy L. Perzel, Esq., Assistant United States Attorney, Minneapolis, MN, on behalf of
Respondent.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge pursuant to Timothy-

Leon Morris's ("Petitioner") "Petition for Writ of Habeas Corpus" dated October 23, 2006

("October 23 Filing"[1]) [Docket No. 9], requesting reopening of the time to file an appeal. For

the reasons set forth below, Petitioner's request is granted.

## II. BACKGROUND

In July 1997, a jury in the United States District Court in South Dakota found Petitioner

guilty of violating federal drug statutes. Petitioner was sentenced to 240 months in federal

prison. On direct appeal, the Court of Appeals for the Eighth Circuit upheld Petitioner's

---

[1] Although styled a "Petition for Writ of Habeas Corpus," the document Petitioner has
submitted is essentially a letter requesting reopening of the time to file an appeal from the
Judgment [Docket No. 7] dismissing his June 5, 2006, Petition for Writ of Habeas Corpus
[Docket No. 1]. Therefore, the October 23 "Petition for Writ of Habeas Corpus" is construed as
such a request, and will be referred to as the "October 23 Filing" to avoid confusion.

conviction and sentence.  <u>United States v. Morris</u>, No. 97-3931, 1998 WL 327297 (8th Cir. June 5, 1998).  Petitioner again challenged his conviction and sentence by filing a motion in the trial court under 28 U.S.C. § 2255, but this motion was denied as time-barred.

On June 5, 2006, Petitioner filed a Petition for Writ of Habeas Corpus (the "June 5 Petition") in this Court.  On August 10, 2006, Judgment was entered dismissing the June 5 Petition for lack of jurisdiction.  Specifically, this Court's Order [Docket No. 6] rejected Petitioner's arguments that the June 5 Petition was properly filed under 28 U.S.C. § 2241. Instead, the Order held that Petitioner could challenge his conviction and sentence only through a § 2255 motion, but that such a motion would be untimely.

In his October 23 Filing, Petitioner claims he has not received a copy of this Court's Order or Judgment.  Petitioner asserts he became aware of the Judgment only after the Clerk of the Court sent him a copy of the docket sheet in response to Petitioner's Letter dated September 23, 2006 [Docket No. 8], inquiring about the status of his case.  Petitioner requests that the time for filing an appeal be reopened.

### III. DISCUSSION

Rule 4(a) of the Federal Rules of Appellate Procedure sets the deadlines for taking an appeal in a civil case.  Rule 4(a)(1)(B) states that "[w]hen the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."  Here, Petitioner did not appeal within 60 days of the entry of Judgment on August 10, 2006.  Rule 4(a)(6), however, provides that "[t]he district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered," if three conditions are satisfied.  First, the court must "find[] that the moving

party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." Fed. R. App. P. 4(a)(6)(A). Second, the motion for reopening the time for appeal must be filed "within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier." Fed. R. App. P. 4(a)(6)(B). Third, the court must "find[] that no party would be prejudiced." Fed. R. App. P. 4(a)(6)(C).

Here, all three conditions are satisfied. Petitioner asserts he learned of this Court's Judgment dismissing the June 5 Petition only after the 60-day window for filing an appeal had closed. His request for a docket sheet is consistent with this assertion, since it suggests that as of September 23, 2006, Petitioner was unaware that Judgment had been entered. Therefore, the Court finds Petitioner did not receive notice within 21 days of entry of Judgment on August 10, 2006. Also, Petitioner's October 23 Filing requesting reopening of the time to file an appeal is within 180 days of this Court's Judgment on August 10, 2006. Finally, since no party has objected to Petitioner's request, this Court finds that no party would be prejudiced if the time for appeal is reopened. Since the requirements of Rule 4(a)(6) are met, Petitioner's request to reopen the time to file an appeal will be granted.[2]

---

[2] As indicated above, Rule 4(a) specifies that Petitioner has fourteen days from the date of entry of this Order to file his appeal. Since this Order is entered on Tuesday, November 14, 2006, Petitioner must file his appeal on or before Tuesday, November 28, 2006. See Fed. R. App. P. 26(a).

**IV. CONCLUSION**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's "Petition for Writ of Habeas Corpus" [Docket No. 9], construed as a request to reopen the time to file an appeal, is **GRANTED**;

2. The Clerk of the Court is instructed to use "return receipt requested" when serving the present Order on Petitioner;

3. The Clerk of the Court is also instructed to include copies of this Court's August 10, 2006, Order [Docket No. 6] and Judgment [Docket No. 7] when serving the present Order on Petitioner.

BY THE COURT:


_____s/Ann D. Montgomery_____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  November 14, 2006.